# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILMA MISHOE and THE     :
APARTMENTS AT MISHOE     :    C.A. No.: K23A-10-001 JJC
COVE, L.L.C.,     :
    :
    Appellants/Petitioners,     :
    :
    v.     :
    :
CITY OF DOVER MAYOR AND     :
CITY COUNCIL, CITY OF DOVER     :
BOARD OF ADJUSTMENT,     :
PATEL COLLEGE PROPERTIES     :
LLC, and PATEL EXCESS     :
COLLEGE ROAD LLC,     :
    :
    Appellees/Respondents.     :

Submitted: April 30, 2024
Decided:    May 14, 2024

## ORDER

On this 14th day of May 2024, having considered the Petitioners' motion for reargument, and the Respondents' opposition, it appears that:

1. Petitioners move for reargument regarding the Court's decision to uphold the decision of the Dover Board of Adjustment ("BOA"). The BOA had summarily dismissed Petitioners attempt to appeal a decision by the Dover Planning Commission ("DPC") to the BOA. In Petitioners' motion, they contend that the Court misinterpreted the law on two bases. First, they maintain that the Court should disregard the Delaware Supreme Court's recognition that a petition for a writ of certiorari in the Superior Court is *the proper mechanism* to challenge a DPC

decision.[1]   To that end, they contend that the availability of certiorari review of a DPC decision by the Superior Court does not, by controlling implication, foreclose the availability of a Dover-internal administrative appeal from the DPC to the BOA. Second, the Petitioners repeat their argument that 22 *Del. C.* §324 ("Section 324") and Article 9, §2.2 of the Dover City Code provided them a direct right of appeal from the DPC to the BOA.

2.     In a Superior Court Civil Rule 59(e) motion for reargument, the movant must demonstrate that the Court has overlooked controlling precedent or a legal principle, or misapprehended the law or facts such as would have changed the underlying decision.[2]   A motion for reargument is not intended to be a mechanism to permit a litigant to restate the same arguments that the Court already addressed and denied.

3.     Here, the Petitioners provide no additional arguments or support for their position that the BOA should have entertained their appeal.   In the Court's bench decision, it explained in detail why the BOA's decision to dismiss their appeal based upon lack of jurisdiction was the correct one under a *de novo* review.[3] Namely, the Court explained that it has jurisdiction to hear an administrative appeal only when expressly authorized to do so by the General Assembly.[4]   Similarly, absent statutory, municipal charter, or municipal code authorization, there is no right to internally appeal a decision by one administrative agency to a higher administrative agency.   The Petitioners (1) arguments seeking to distinguish the

---

[1] *See Dover Historical Society v. City of Dover Planning Commission*, 838 A.2d 1103, 1106 (Del. 2003) (recognizing that "[i]t is well established that a writ of certiorari proceeding in the Superior Court is the appropriate cause of action for determining whether, on the face of the record, the City of Dover Planning Commission exceeded its powers or failed to conform to the requirements of law").

[2] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[3] D.I. 42.

[4] *Schafer v. Kent County Department of Planning Services*, 2023 WL 3750390, at *3 (Del. Super. May 31, 2023).

Delaware Supreme Court authority that recognizes that the only right to challenge a DPC decision is by certiorari to the Superior Court, and their (2) contentions that Section 324 or Article 9, §2.2 of the Dover Code grant them the right to a direct appeal from the DPC to the BOA are unavailing. Under controlling statutory and decisional law, the Petitioners had no right to appeal an adverse decision of the DPC to the BOA for the reasons explained on the record on April 18, 2024.[5]

4.    As a final note, the Petitioners have separately filed a corresponding petition for writ of certiorari in the Superior Court to challenge the DPC's decision.[6] The parties in this current action, the parties in the certiorari action, and the parties in a third related action jointly requested the Court to first resolve this appeal. In summary, there is no statutory or municipal Code created right of appeal from the DPC to the BOA. The BOA did not commit an error of law when determining it had no jurisdiction to hear the appeal. As a result, the Court will set oral argument on the pending motion to dismiss the Petitioner's request for a writ of certiorari as soon as practical.

**WHEREFORE**, for the aforementioned reasons, Petitioners Wilma Mishoe, and the Apartments at Mishoe Cove, L.L.C.'s, motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

cc: Counsel of Record
    Counsel of Record in C.A . No. K23A-07-002 JJC (Via File & Serve)
    Counsel of Record in C.A.  No. K23C-12-014 JJC (Via File & Serve)

---

[5] D.I. 42.

[6] *Mishoe, et al.  v. City of Dover Planning Com'n,, et al.* , C.A. No. 23A-07-002 (Del. Super.).